Nathan Siegel (*admitted pro hac vice*)
Rachel Strom (*admitted pro hac vice*)
Kelly M. Gorton (Bar No. 300978)
**DAVIS WRIGHT TREMAINE LLP**
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
nathansiegel@dwt.com
rachelstrom@dwt.com
kellygorton@dwt.com

*Attorneys for Defendant Fox Broadcasting Company*

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MUHAMMAD ALI ENTERPRISES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>FOX BROADCASTING COMPANY,<br><br>        Defendant. | Case No. 4:17-CV-06949-DMR<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)**<br><br>Hon. Donna M. Ryu<br>Date: March 22, 2018<br>Time: 11:00 am<br>Courtroom: 4 |

**REQUEST FOR JUDICIAL NOTICE**

Defendant Fox Broadcasting Company ("Fox") respectfully submits this Request for Judicial Notice in support of its Motion for Judgment on the Pleadings and Special Motion to Strike Plaintiff's Complaint (C.C.P. § 425.16).

Pursuant to Federal Rule of Evidence 201, Fox respectfully requests that this Court take judicial notice of the following documents, true and correct copies of which are attached hereto as Exhibits A-K:

| Exhibit | Description |
|---|---|
| A | Registration of Muhammad Ali Enterprises, LLC ("MAE"), as Successor-In-Interest to Muhammad Ali's rights of publicity (name, image, voice, likeness, and persona), filed October 20, 2017 with the California Secretary of State pursuant to California Civil Code Section 3344, available for download on the California Secretary of State website at: https://specialfilings.sos.ca.gov/SII/Home/ReturnResult?paraCelebrityName=muhammad+ali&paraLegalName=&Command=Submit |
| B | National Academy of Television Arts & Sciences ("NATAS"), "38th Annual Sports Emmy Awards Rules & Procedures" (2016-2017), available for download at http://cdn.emmyonline.org/sports_38th_rulebook.pdf |
| C | NATAS Winners of the 38th Annual Sports Emmy Awards, available for download at http://cdn.emmyonline.org/sports_38th_winners_v04.pdf |
| D | Dkt. No. 1, *Muhammad Ali Enterprises LLC v. v. Kobo, Inc.*, Case No. 11-CV-4825 (S.D.N.Y. July 13, 2011) |
| E | California Secretary of State Business Entity Search, results for Muhammad Ali Enterprises, LLC, available through a public search at: https://businesssearch.sos.ca.gov |
| F | G.O.A.T. LLC Limited Liability Company Registration, filed April 27, 2006 with the California Secretary of State, available for download through the California Secretary of State Business Entity Search at: https://businesssearch.sos.ca.gov |
| G | G.O.A.T. LLC Certificate of Amendment (reflecting name change to Muhammad Ali Enterprises, LLC), filed July 19, 2006 with the California Secretary of State, available for download through the California Secretary of State Business Entity Search at: https://businesssearch.sos.ca.gov |
| H | Muhammad Ali Enterprises, LLC Statement of Information, filed January 12, 2018 with the California Secretary of State, available for download through the California Secretary of State Business Entity Search at: https://businesssearch.sos.ca.gov |

DAVIS WRIGHT TREMAINE LLP

1
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)
Case No. 4:17-CV-06949-DMR

| | |
|---|---|
| I | California Secretary of State Business Entity Search, results for Fox Broadcasting Company, available through a public search at: https://businesssearch.sos.ca.gov |
| J | California Secretary of State Business Entity Search, Statement of Information for Fox Broadcasting Company, available through a public search at: https://businesssearch.sos.ca.gov |
| K | Dkt. No. 317, *Davis v. Electronic Arts, Inc.*, Case No. 10-cv-03328-RS (N.D. Cal. Dec. 11, 2017) |

## I.  LEGAL STANDARD

A court may take judicial notice of a fact that is "not subject to reasonable dispute [and] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This is true even at the pleading stage. *See, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (finding that on a motion to dismiss, the court properly relied on facts "contained in materials of which the court may take judicial notice").

Under this standard, courts may take judicial notice of public records. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (stating that a court "may take judicial notice of matters of public record outside the pleadings"); *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999) (courts "may presume that public records are authentic and trustworthy"). Judicially noticeable public records include court records filed in another case. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *Fahmy v. Jay-Z (Aka Shawn Carter)*, No. CV 07-5715, 2008 WL 11284593, at *1, n.3, n.4 (C.D. Cal. Mar. 19, 2008) (taking judicial notice of summary judgment motion and District Court order in separate litigation). Judicially noticeable records also include the results of records searches from the California Secretary of State website. *See, e.g.*, *L'Garde, Inc. v. Raytheon Space & Airborne Sys*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) ("[T]he accuracy of the results of records searches from the Secretary of State for the State of California corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned."); *Platte River Ins. Co. v. P&E Automation, Inc.*, No. CV 12-05778, 2013 WL 12123688, at *2 (C.D. Cal. June 19, 2013) ("[I]nformation made publicly available on a website maintained by a government entity is judicially noticeable.").

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)
Case No. 4:17-CV-06949-DMR

Courts may also take judicial notice of standards, rules, or other information promulgated by private professional associations. *See, e.g.*, *City of Monroe Emps. Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n.1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers); *Hoffman v. Life Ins. Co. of N. Am.*, No. EDCV 13-2011, 2014 WL 7525482, at *6 (C.D. Cal. Dec. 29, 2014) (taking judicial notice of the criteria for bipolar disorder promulgated by the American Psychiatric Association in the Diagnostic and Statistical Manual of Mental Disorders); *Dias v. City and Cty. of Denver*, 567 F.3d 1169, 1173 (10th Cir. 2009) (taking judicial notice of the standards of the American Kennel Club and United Kennel Club); *Olagues v. Perceptive Advisers LLC*, No. 15-cv-1190, 2016 WL 4742310, at *2 (S.D.N.Y. Sept. 9, 2016) (taking judicial notice of the public rules of the Options Clearing Corporation and the Financial Industry Regulatory Authority); *see also Easton v. Strassburger*, 152 Cal. App. 3d 90, 101 n.5 (1984) (taking judicial notice of the Code of Ethics of the National Association of Realtors because "we may take judicial notice of relevant criteria promulgated by a private professional association.").

Finally, courts may take judicial notice of factual or historical information whose accuracy cannot reasonably be disputed, such as basic historical information about the fact of well-known contests and awards. *See Turner v. Samsung Telecomms. Am., LLC*, No. 13-00629, 2013 WL 12126749, at *2 (C.D. Cal. Nov. 4, 2013) (taking judicial notice of "factual information found on the world wide web"); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of statistics found on National Football League website regarding the number of football games plaintiff played in California); *Kaiser v. Bowlen*, 455 F.3d 1197, 1202 n.7 (10th Cir. 2006) (taking judicial notice of when the Denver Broncos appeared in the Super Bowl); *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com*, No. 10-03738, 2015 WL 5311085, at *48 (C.D. Cal. Sept. 10, 2015) (court may take judicial notice that the "Academy Awards" is a famous trademark); *Allen v. Nat'l Video, Inc.*, 610 F. Supp 612, 617 n.2 (S.D.N.Y. 1985) (taking judicial notice of who directed Woody Allen movie); *Gupta v. Attorney General of U.S.*, No. 12 Civ. 5637, 2014 WL 1116730, at *10

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)
Case No. 4:17-CV-06949-DMR

DAVIS WRIGHT TREMAINE LLP

1 n.4 (S.D.N.Y. Mar. 20, 2014)(taking judicial notice that the New York Mets won the 1969 World Series).

## II. JUDICIAL NOTICE IS APPROPRIATE FOR EACH EXHIBIT PROFFERED BY FOX

**Exhibit A** is a "Registration of Claim as Successor-in-Interest" form dated August 1, 2017, filed by MAE on October 20, 2017 with the California Secretary of State (the "Registration Form"). The Registration Form asserts that MAE owns a 100% interest in Muhammad Ali's rights of publicity, parenthetically noting that those rights include Ali's "name, image, voice, likeness, and persona." The Registration Form is a public record available on the website of the California Secretary of State, and as such is subject to judicial notice by this Court. *See, e.g.*, *L'Garde*, 805 F. Supp. 2d at 938.

**Exhibit B** is a true and correct copy of the Rules & Procedures applicable to the 38th annual Sports Emmy Awards, for the eligibility period of calendar year 2016 (the "Rulebook"), available on the NATAS website. The Rulebook sets forth the eligibility criteria, award categories and definitions, and other procedures set forth by a private professional association for its own awards, and as such is subject to judicial notice by this Court. *See, e.g.*, *Dias*, 567 F.3d at 1173; *Matthews*, 688 F.3d at 1113; *Olagues*, 2016 WL 4742310, at *2; *Easton*, 152 Cal. App. 3d at 101 n.5. This Court may also take judicial notice that the 38th annual Sports Emmy Awards occurred and what those awards were as set forth in **Exhibit C**, as that is factual information not subject to reasonable dispute. *See, e.g.*, *Kaiser*, 455 F.3d at 1202 n.7; *Allen*, 610 F. Supp. at 617 n.2; *Gupta*, 2014 WL 1116730, at *10 n.4.

**Exhibit D** is a complaint filed by Plaintiff in a case captioned *Muhammad Ali Enterprises LLC v. v. Kobo, Inc.*, Case No. 11-CV-4825 (S.D.N.Y. July 13, 2011). The complaint asserts violations of Muhammad Ali's post-mortem intellectual property and publicity rights under federal and state law. Exhibit C is a court document from another litigation and is therefore a public record subject to judicial notice. *See*, *e.g.*, *Howard*, 381 F.3d at 876 n.1.

**Exhibit E** is a screenshot of the search results for "Muhammad Ali Enterprises" found on the "Business Search" page of the California Secretary of State's website. The search results

4

DAVIS WRIGHT TREMAINE LLP

note that MAE registered as an LLC in California on April 27, 2006, but that its status is currently suspended.  **Exhibit F** is a copy of the Limited Liability Company registration for G.O.A.T. LLC (MAE's original name) filed on April 27, 2006 with the California Secretary of State.  **Exhibit G** is a copy of G.O.A.T. LLC's Certificate of Amendment filed with the California Secretary of State on July 19, 2006, indicating that G.O.A.T. LLC had changed its name to Muhammad Ali Enterprises LLC as of that date.  **Exhibit H** is MAE's most recent Statement of Information, filed on January 12, 2018 with the California Secretary of State. Exhibits E, F, G, and H are found on the "Business Search" page of the California Secretary of State's website, and as such are judicially noticeable public records available on a government website.  *See, e.g.*, *L'Garde*, 805 F. Supp. 2d at 938.

**Exhibit I** is a screenshot of the search results for "Fox Broadcasting Company" Enterprises" found on the "Business Search" page of the California Secretary of State's website. The search results state that Fox is incorporated in Delaware, with its address in Los Angeles, CA.  Exhibit F is judicially noticeable as a public record available on a government website. *See, e.g.*, *L'Garde*, 805 F. Supp. 2d at 938.

**Exhibit J** is a copy of the Statement of Information for Fox Broadcasting Company filed on October 5, 2017, which also states that Fox's principal executive office is in Los Angeles, CA.  Exhibit G is judicially noticeable as a public record available on a government website. *See, e.g.*, *L'Garde*, 805 F. Supp. 2d at 938.

**Exhibit K** is a decision and order of the Hon. Richard Seeborg of the Northern District of California, denying Defendant Electronic Arts, Inc.'s motion to dismiss the Second Amended Complaint in *Davis v. Electronic Arts, Inc.*  Exhibit K is a court document from another litigation and is therefore a public record subject to judicial notice.  *See*, *e.g.*, *Howard*, 381 F.3d at 876 n.1.

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)
Case No. 4:17-CV-06949-DMR

| | |
|---|---|
| DATED: January 16, 2018 | DAVIS WRIGHT TREMAINE LLP<br>Nathan Siegel<br>Rachel Strom<br>Kelly Gorton<br><br>By: */s/ Nathan Siegel*<br>    Nathan Siegel<br><br>*Attorneys for Defendant Fox Broadcasting Company* |

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (C.C.P. § 425.16)
Case No. 4:17-CV-06949-DMR